Lori Reynolds, Esq. - 056202013
**O'DONNELL, McCORD P.C.**
15 Mount Kemble Avenue
Morristown, New Jersey 07960
T: (973) 538-1230
F: (973) 538-3301
*Attorneys for Defendants Monmouth County Correctional Institution,*
*County of Monmouth, Corrections Officer Aleksandrs Urjans*
*Acting Warden Barry Nadrowski, John Doe Corrections Officers 1-10,*
*John Doe County Employees 1-10*

| | |
|---|---|
| ANGELO TORRES,<br><br>　　　　Plaintiff,<br>vs.<br><br>COUNTY OF MONMOUTH, MONMOUTH COUNTY CORRECTIONAL INSTITUTION, CORRECTIONS OFFICER ALEKSANDRS URJANS, ACTING WARDEN BARRY NADROWSKI, JOHN DOE CORRECTIONS OFFICERS 1-10, in their official and individual capacities, JOHN DOE COUNTY EMPLOYEES 1-10, in their official and individual capacities; JOHN DOES 1-10; and ROGER BREMEKAMP<br><br>　　　　Defendants. | THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CASE NO.: 3:19-CV-17704<br><br>CIVIL ACTION<br><br>**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS** |

Defendants, County of Monmouth ("Monmouth County"), Monmouth County Correctional Institution ("MCCI"), Corrections Officer Aleksandrs Urjans ("Urjans"), Acting Warden Barry Nadrowski ("Nadrowski"), John Doe Corrections Officers 1-10, in their official and individual capacities, and John Doe County Employees 1-10, in their official and individual capacities (hereinafter, collectively referred to as "Defendants"), by way of Answer to Plaintiff's Complaint, hereby say:

1

## NATURE OF THE ACTION

1.) The statement contained within Plaintiff's Nature of the Action section set forth in the Complaint, consists of conclusions of law which do not require a response. To the extent a response is required, Defendants deny same and leave Plaintiff to his proofs.

## JURISDICTION AND VENUE

1.) In answering paragraph 1 of Plaintiff's Jurisdiction and Venue section set forth in the Complaint, Defendants assert that this paragraph consists of conclusions of law which do not require a response. To the extent a response is required, Defendants admit that Plaintiff brought this action pursuant to 42 U.S.C. §§ 1983 and 1985. Defendants deny the remainder of the allegations set forth in paragraph 1.

2.) In answering paragraph 2 of Plaintiff's Jurisdiction and Venue section set forth in the Complaint, Defendants assert that this paragraph consists of conclusions of law which do not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph 2.

3.) In answering paragraph 3 of the Plaintiff's Jurisdiction and Venue section set forth in the Complaint, Defendants assert this paragraph consists of conclusions of law which do not require a response. To the extent a response is required, Defendants admit the acts upon which Plaintiff's claims are founded occurred in this judicial district.

## PARTIES

1.) Defendants admit that Plaintiff was an inmate at MCCI at the time of the alleged assault as alleged in Paragraph 1 of the Parties section set forth in the Complaint. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations set forth in such Paragraph 1.

2.) Admitted.

3.) Admitted to the extent that Monmouth County is a duly authorized County Government authorized under the laws of the State of New Jersey, as alleged in Paragraph 2 of the Parties section of the Complaint. Defendants deny the remainder of the allegations contained in such Paragraph 2.

4.) Admitted.

5.) Admitted.

6.) Admitted. Corrections Officer Urjans is a joint employee of Monmouth County and the MCSI.

7.) Defendants lack sufficient knowledge and information to form a belief as to the allegations set forth in Paragraph 7 of the Parties section of the Complaint.

8.) Defendants lack sufficient knowledge and information to form a belief as to the allegations set forth in Paragraph 8 of the Parties section of the Complaint.

9.) Admitted.

10.) Admitted.

11.) Admitted.

12.) Denied.

## BACKGROUND FACTS

1.) Admitted.

2.) Defendants admit that substance abuse counselors, psychological and medical services are provided to inmates of MCCI as alleged in Paragraph 2 of the Background Facts section of the Complaint. Denied as to the remainder of the allegations set forth in Paragraph 2.

3.) Denied.

4.) Defendants Admit that MCCI has a medical unit and detox unit and that Plaintiff was assigned to the detox unit on or about September 11 and 12, 2017, as alleged in Paragraph 4

of the Background Facts section of the Complaint.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Background Facts section of the Complaint.

5.) The allegations set forth in Paragraph 5 of the Background Facts of Plaintiff's Complaint are unclear as stated and therefore do not require a response. To the extent a response is required, Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Background Facts section of the Complaint.

6.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Background Facts section of the Complaint.

7.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Background Facts section of the Complaint.

8.) Defendants without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Background Facts section of the Complaint.

9.) Denied.

10.) Denied.

11.) Denied.

12.) **NO ALLEGATIONS ARE SET FORTH IN PARAGRAPH 12 OF THE BACKGROUND FACTS SECTION OF THE COMPLAINT.**

13.) The content of Paragraph 13 of the Background Facts section of the Complaint fails to set forth allegations to which a response is required. To the extent a response is required,

Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Background Facts section of the Complaint.

14.) The content of Paragraph 14 of the Background Facts section of the Complaint fails to set forth allegations to which a response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 14 of the Background Facts section of the Complaint.

15.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Background Facts section of the Complaint.

16.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Background Facts section of the Complaint and Plaintiff is left to his proofs.

17.) The content of Paragraph 17 of the Background Facts section of the Complaint fails to set forth allegations to which a response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 17 of the Background Facts section of the Complaint.

18.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Background Facts section of the Complaint.

19.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Background Facts section of the Complaint.

20.) Denied.

21.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Background Facts section of the Complaint.

22.) Admitted.

23.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Background Facts section of the Complaint.

24.) Denied.

25.) Denied.

26.) Paragraph 26 of the Background Facts section of the Complaint sets forth a legal conclusion to which no response is required.

27.) Paragraph 27 of the Background Facts section of the Complaint sets forth a legal conclusion to which no response is required.

28.) Paragraph 28 of the Background Facts section of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required the factual allegations are denied.

29.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Background Facts section of the Complaint.

30.) Denied.

31.) Denied.

32.) Denied.

33.) Denied.

34.) Denied.

35.) Paragraph 35 of the Background Facts section of the Complaint sets forth a legal conclusion to which no response is required.

36.) Denied.

37.) Denied.

38.) Denied.

39.) Denied.

40.) Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Background Facts section of the Complaint.

41.) Denied.

42.) Denied.

43.) Denied.

## COUNT ONE

## Civil Rights, 42 USC 1983

### Eighth Amendment – Cruel and Unusual Punishment

1.) Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.) Denied.

3.) Denied.

4.) Denied.

5.) Denied.

6.) Denied.

7.) Denied.

8.) Denied.

9.)     Denied.

10.)    Denied.

11.)    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Count One of the Complaint.

12.)    Denied.

13.)    Denied.

14.)    Denied.

15.)    Denied.

16.)    Denied.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## COUNT TWO

## Civil Rights, 42 USC 1983

## Fourth and Fourteenth Amendments – Due Process

## Unsafe Conditions

1.)     Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.)     Denied.

3.)     Denied.

4.)     Denied.

5.)     Denied.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## COUNT THREE

### Civil Rights – Negligent Hiring, Training, and Supervision

1.) Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.) Denied.

3.) Denied.

4.) Denied.

5.) Denied.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## COUNT FOUR

### Civil Rights – Negligent Hiring, Training, and Supervision

1.) Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.) Denied.

3.) Denied.

4.) Denied.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## COUNT FIVE

### Common Law Negligent Infliction of Emotional Distress

1.) Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.) Denied.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## COUNT SIX

### Common Law Intentional Infliction of Emotional Distress

1.) Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.) Denied.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## COUNT SEVEN

### Common Law

### Assault and Battery

1.) Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.) The allegations contained in Paragraph 2 of Count Seven of the Complaint do not apply to Defendants and, as such, no response is required.

3.) The allegations contained in Paragraph 3 of Count Seven of the Complaint do not apply to Defendants and, as such, no response is required.

4.) The allegations contained in Paragraph 4 of Count Seven of the Complaint do not apply to Defendants and, as such, no response is required.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## **COUNT EIGHT**

### **Punitive Damages**

1.) Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.) Denied.

3.) Denied.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## **COUNT NINE**

### **Joint and Several Liability**

1.) Defendants incorporate herein by reference the answers set forth in the preceding paragraphs as if same were fully set forth herein in their entirety.

2.) Denied.

**WHEREFORE**, answering Defendants demand judgment in their favor, dismissing the Complaint in its entirety, together with such other and further relief as deemed warranted by this Court.

## **AFFIRMATIVE DEFENSES**

1.) The complaint fails to set forth any claim upon which relief may be granted.

2.) Plaintiff was contributorily negligent which negligence proximately caused Plaintiff's injuries. Any damages to which Plaintiff may be entitled must be reduced by the doctrine of comparative negligence as set forth in N.J.S.A. 2A:15-5 et. seq. and all applicable federal law.

3.) Plaintiff's claims were proximately caused by persons over whom these Defendants exercised no control.

4.) The within Defendants reserve the right to amend their answer in accordance with continuing investigation and discovery.

5.) This Court does not have jurisdiction over the subject matter of this lawsuit.

6.) The Plaintiff has failed to exhaust his administrative remedies.

7.) Plaintiff's claims are barred by the doctrine of collateral estoppel, laches, waiver and/or unclean hands.

8.) Plaintiff is barred because of his failure to mitigate damages.

9.) This action is barred by reason of the Eleventh Amendment of the United States Constitution, and the within Defendant reserves the right to move to dismiss the complaint based upon the doctrine of sovereign immunity.

10.) The claims alleged in the complaint fall within the provisions of the New Jersey Tort Claim Act, N.J.S.A. 59:1-1 et. seq., and the within Defendants are accordingly immune from any liability or potential claim of liability alleged by Plaintiff.

11.) The within Defendants assert the applicability of the provisions of N.J.S.A. 59:2-1 as to the immunities available to a public entity and public employees under the New Jersey Tort Claims Act.

12.)   Plaintiff is barred from any recovery of punitive or exemplary damages as a matter of law and/or pursuant to N.J.S.A. 59:9-2(c).

13.)   Plaintiff is barred from recovering for pain and suffering pursuant to N.J.S.A. 59:9-2(d) as Plaintiff fails to demonstrate by objective medical evidence that the alleged injuries, if any, are proximately caused by the claimed incident(s), and/or that the alleged injuries are permanent and substantial.

14.)   The within Defendants are immune from liability pursuant to the provisions governing immunity for prisons and jails set forth under N.J.S.A. 59:5-1 et. seq.

15.)   In as much as Plaintiff complains that the within Defendants failed to provide medical assistance and/or medical care, Plaintiff's claims are barred pursuant to N.J.S.A. 59:6-1 et. seq.

16.)   Any recovery to which Plaintiff may be entitled against the within Defendants are provided by N.J.S.A. 59:9-2 and any award must be reduced in accordance with same.

17.)   In as much as Plaintiff did not suffer an injury entitling Plaintiff to damages for pain and suffering nor did Plaintiff suffer any permanent loss of bodily function, disfigurement or dismemberment, nor did Plaintiff incur medical treatment expenses in excess of $3,600.00 by reason of either a combination of the foregoing, the within Defendants are immune from liability pursuant to N.J.S.A. 59:9-2.

18.)   As the Plaintiff's complaint contains no specific allegation against Defendants County of Monmouth, Monmouth County Correctional Institute, Corrections Officer Aleksandrs Urjans Acting Warden Barry Nadrowski, the complaint against such Defendants should be dismissed with prejudice.

19.) The within Defendants' liability, if any, must be reduced by the amount of any payment received by the Plaintiff by way of settlement or judgment from any other tortfeasor by virtue of N.J.S.A. 59:9-3, N.J.S.A. 59:9-3.1 and/or N.J.S.A. 59:9-4.

20.) The within Defendants are immune from liability by reason of N.J.S.A. 59:9- 6(a)- (b).

### CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

The within Defendants, while denying any liability whatsoever, hereby demand from Co-Defendants both contribution and indemnification pursuant to any and all provisions of Federal and New Jersey statutes and/or common law.

The within Defendants assert that negligence or constitutional violation on the part of the within Defendants, if any, is only secondary, vicarious, and/or imputed, whereas the negligence or constitutional violations of Co-Defendants was primary, direct and active.

Wherefore, the within Defendants demand judgment for indemnification or contribution against Co-Defendants, as to any judgment which may be found in favor of the Plaintiff and against the Defendants, together with interests, costs and counsel fees.

### DENIAL OF ALL CROSS-CLAIMS FOR CONTRIBUTION INDEMNIFICATION AND DEFENSE

The within Defendants deny each and every allegation of any crossclaims filed or to be filed in this matter by Co-Defendants.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the Federal Rules of Civil Procedure, the Court is hereby advised that Brian M. Frankoski, Esq., or any other attorney of the firm of O'Donnell McCord, P.C. are hereby designated as trial counsel for the Defendants.

## **CERTIFICATION CONCERNING ENTIRE CONTROVERSY**

I hereby certify in accordance with L. Civ. R. 11.2 that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

## **JURY DEMAND**

Please take notice that the within Defendants hereby demand a trial by jury as to all issues.

Dated: November 21, 2019                **O'DONNELL, McCORD P.C.**

                                       By:     /s/ Lori Reynolds_____
                                                LORI REYNOLDS
                                                15 Mount Kemble Avenue
                                                Morristown, New Jersey 07960
                                                Email: LREYNOLDS@OMLAWPC.COM
                                                Telephone No.: (973) 538.1230
                                                *Attorneys for Defendants Monmouth County Correctional Institution, County of Monmouth, Corrections Officer Aleksandrs Urjans Acting Warden Barry Nadrowski, John Doe Corrections Officers 1-10, John Doe County Employees 1-10*